UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
XUE WEN GUAN (A029 796 243) and XU
GUAN (A077 308 729),

      Petitioners,    **SUMMARY ORDER**
              11-CV-1706 (DLI)

   -against-

JANET NAPOLITANO, Secretary of the
Department of Homeland Security, et al.,

      Respondents.
------------------------------------------------------------ X

**DORA L. IRIZARRY, United States District Judge:**

  Petitioner Xu Guan initiated this action on April 7, 2011, seeking a declaratory judgment and mandamus relief. Petitioner argues that the differing rules applicable to the filing date of a visa petition and a labor certification, in relation to INA § 245(i) adjustment eligibility (8 U.S.C. § 1255(i)), constitute a violation of due process and equal protection. On April 8, 2011, petitioner filed a motion for a stay of his final order of removal, pending the resolution of this action. On April 11, 2011, the court issued a temporary stay of removal and set a briefing schedule on the motion. The government responded on April 13, 2011, arguing that the court lacks subject matter jurisdiction to adjudicate the legality of petitioner's final order of removal, and consequently lacks authority to stay the order.

  The court agrees with the government. The REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5) ("RIDA"), mandates that judicial review of all final orders of removal takes place exclusively in the courts of appeals. *See Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (court lacked subject matter jurisdiction over a

1

challenge to a removal order because of "RIDA's clear expression that all challenges to final orders of removal shall be made in the courts of appeals"). By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress stripped district courts of jurisdiction to stay an order of removal as well. *See, e.g., Scott*, 618 F. Supp. 2d at 191. In his reply memorandum, petitioner failed to cite any authority for the proposition that district courts retain the jurisdiction, post-RIDA, to stay a final order of removal. In fact, rather than acknowledge the obvious obstacle posed by RIDA, petitioner chose to focus on the merits of his petition and notions of fairness. Petitioner's arguments are insufficient to overcome RIDA's express language. Therefore, the temporary stay of removal is vacated.

One final matter requires attention. Petitioner's complaint asserts jurisdiction under the federal question statute (28 U.S.C. § 1331), the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201-02), and the Administrative Procedure Act (5 U.S.C. § 706). Petitioner is directed to show cause by June 13, 2011, why this matter should not be dismissed in its entirety for lack of subject matter jurisdiction. Respondent shall respond by June 20, 2011.

SO ORDERED.

Dated: Brooklyn, New York
      June 2, 2011

                                          _____/s/_____
                                                DORA L. IRIZARRY
                                           United States District Judge